631 A.2d 424

Donald **TERRY**

v.

**STATE of Maryland.**

**No. 57, Sept. Term, 1992.**

Court of Appeals of Maryland.

Oct. 1, 1993.

Arthur A. DeLano, Asst. Public Defender (Stephen E. Harris, Public Defender, both on brief), Baltimore, for petitioner.

David P. Kennedy, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., both on brief), Baltimore, for respondent.

Argued before ELDRIDGE, RODOWSKY, McAULIFFE, CHASANOW, KARWACKI, ROBERT M. BELL, JJ., and CHARLES E. ORTH, Jr., Judge of the Court of Appeals (retired), Specially Assigned.

McAULIFFE, Judge.

Donald Terry was convicted by a jury in the Circuit Court for Baltimore City of conspiracy to distribute cocaine, conspiracy to possess cocaine with intent to distribute, and conspiracy

to possess cocaine. He appealed, contending among other things that the evidence was insufficient to sustain the convictions, and that the trial judge erred in: 1) permitting the State to introduce as a part of its case-in-chief evidence of the defendant's conviction one year earlier of possession of cocaine with intent to distribute; 2) failing to propound certain voir dire questions requested by the defendant; and 3) failing to find that the charges of conspiracy to possess cocaine and conspiracy to possess cocaine with intent to distribute merged into the charge of conspiracy to distribute cocaine. The Court of Special Appeals, in an unreported opinion, found in favor of the defendant on his merger argument but not otherwise, and affirmed the conviction of conspiracy to distribute cocaine. We granted the defendant's petition for certiorari to consider the claim of error relating to the "other crimes" evidence and the refusal to propound requested voir dire instructions. We hold that the admission of evidence of defendant's previous conviction constituted prejudicial error and we reverse. Because a new trial will be required, we do not reach the voir dire issues.

I.

The defendant was arrested on the night of July 23, 1990, after a Baltimore City police officer went to the second floor of a vacant building in the 1600 block of W. Harlem Avenue to observe suspected narcotics activity in the neighborhood. The officer observed several suspected narcotics transactions involving the defendant and two other men. The police officer then went back to headquarters to coordinate a "raid."

When the police officers returned to the W. Harlem neighborhood, they saw the defendant and the two other men run into 1610 W. Harlem Avenue. The police followed and arrested one man in a second floor apartment. Sixty-four vials of crack cocaine were recovered in a heat duct nearby. Another man was arrested in another room of the apartment. A .38 caliber handgun and numerous empty vials of cocaine residue were found underneath a chair in the room.

The defendant was arrested, hiding in some bushes in the back yard of 1610 W. Harlem Avenue. He explained his presence in the backyard by telling the police that he was urinating. Two police officers testified, however, that they had seen the defendant come out of the back door of 1610 W. Harlem Avenue. The defendant did not testify at trial, but his fiancee testified that the rear door to 1610 W. Harlem Avenue could not be opened. To substantiate this testimony, the defense introduced into evidence Polaroid photographs purporting to show the rear door of 1610 W. Harlem Avenue.

At trial, in his opening statement, defense counsel stated:

In this case alone four people were arrested and three pled guilty. This man, Mr. Terry, has pled not guilty and the reason he has pled not guilty and you can all say it—you think of it right now—he is going to say because he didn't do it.

The State's Attorney did not object to this statement, or request any admonition by the court. Later, however, as he presented his case-in-chief, the prosecutor informed the court that the State intended to offer proof that the defendant had been convicted one year earlier of possession of cocaine with intent to distribute. The prosecutor argued that this evidence was being offered to rebut defense counsel's contention that the defendant's not guilty plea was a result of the fact that he did not commit the crime. The prosecutor stated:

[T]here are many other reasons why [the defendant] might not want to plead guilty, one of them being that he has a prior conviction and with that prior conviction he could be facing a mandatory sentencing, the other reason being that because of this prior conviction that he is currently on probation and he is backing up a lot of time.

The evidence was also admissible, the prosecutor asserted, to establish the defendant's intent to commit the crimes charged.

The trial court, after considering extensive argument, concluded that the evidence of the defendant's prior conviction was admissible, stating, "I will list the reasons for it coming in—intent, knowledge, common scheme, and the pleading of

not guilty." The court expressed a belief that the probative value of the evidence outweighed any prejudicial effect.

The trial judge informed the defendant that he would instruct the jury when the evidence was received that the evidence could be considered only for purposes of determining the defendant's intent and knowledge, or as showing a common scheme, or as bearing on defense counsel's opening statement with respect to the defendant pleading not guilty. Defense counsel, adamantly insisting that the evidence was inadmissible for any purpose, objected and declined the offer of an interim instruction. The prosecutor then closed his case by reading the following stipulation of the defendant's prior conviction into evidence:

[O]n February 13th, 1990 this Defendant, Donald Terry, did enter into a guilty plea to the charge of possession with intent to distribute cocaine. The Defense and the State agree that this Donald Terry seated to the left of his Counsel is one and the same Donald Terry who on that day, February 13, 1990 did plead guilty to the charge of possession with intent to distribute cocaine.

The defendant did not testify. At the conclusion of all the evidence, the defendant again declined the court's offer to instruct the jury concerning the purpose or purposes for which they could consider the evidence of the defendant's prior conviction.

## II.

As a preliminary matter, we must consider the State's contention that the defendant waived the right to raise the issue of other crimes evidence because defense counsel refused the trial judge's offers to give a limiting instruction. The State argues that for strategic reasons defense counsel chose to "transform an adverse ruling that could have been given a limited effect into a general defeat in hopes of turning it to his advantage at trial or on appeal." We fail to see, however, how this decision not to accept the instruction constitutes a waiver. It was clear to defense counsel that the

proposed instruction could have had the undesirable effect of highlighting the purposes suggested by the trial judge: intent, knowledge, common scheme, or explanation for not having pled guilty.

It is of course true that the defendant could have agreed to the giving of such an instruction without waiving his objection to the admissibility of the evidence. That does not mean, however, that he necessarily gave up the right to complain of an erroneous ruling by making the tactical decision that he would be harmed rather than helped by a "limiting" instruction. We agree that the evidence was inadmissible, and we hold that the instruction, if given, would not have rendered the error harmless. Under these circumstances, the defendant's decision to forego the offered instruction does not constitute a waiver of his right to later challenge the admissibility of the evidence.

## III.

Evidence of prior criminal acts may not be introduced to prove guilt of the offense for which the defendant is on trial. *Cross v. State,* 282 Md. 468, 473–74, 386 A.2d 757 (1978). This evidence is excluded because it may tend to confuse the jurors, predispose them to a belief in the defendant's guilt, or prejudice their minds against the defendant. *Ross v. State,* 276 Md. 664, 669, 350 A.2d 680 (1976). Evidence of prior criminal acts is admissible if it is substantially relevant to a contested issue in the case, and is not offered merely to prove criminal character. In other words, the evidence must have "special relevance." *Harris v. State,* 324 Md. 490, 500, 597 A.2d 956 (1991). The probative force of the evidence must substantially outweigh its potential for unfair prejudice. *Id.* When these two prerequisites are met, "the focus is correct, and the burden is where it belongs." *Id.* The requisite substantial relevance is found when the evidence

tends to establish (1) motive, (2) intent, (3) absence of mistake, (4) a common scheme or plan embracing the commission of two or more crimes so related to each other that

proof of one tends to establish the other, and (5) the identity of the person charged with the commission of a crime on trial.

*Ross v. State, supra,* 276 Md. at 669–70, 350 A.2d 680.

As this Court explained in *State v. Faulkner,* 314 Md. 630, 634–35, 552 A.2d 896 (1989):

When a trial court is faced with the need to decide whether to admit evidence of another crime—that is, evidence that relates to an offense separate from that for which the defendant is presently on trial—it first determines whether the evidence fits within one or more of the *Ross* exceptions. That is a legal determination and does not involve any exercise of discretion. *See Cross,* 282 Md. at 474, 386 A.2d at 761; *Moore v. State,* 73 Md.App. 36, 44, 533 A.2d 1, 5 (1987), *cert. denied,* 311 Md. 719, 537 A.2d 273 (1988).

If one or more of the exceptions applies, the next step is to decide whether the accused's involvement in the other crimes is established by clear and convincing evidence. *Lodowski v. State,* 302 Md. 691, 728, 490 A.2d 1228, 1247 (1985), *defendant's petition for cert. denied,* 475 U.S. 1086, 106 S.Ct. 1469, 89 L.Ed.2d 725, *vacated,* 475 U.S. 1078, 106 S.Ct. 1452, 89 L.Ed.2d 711, *rev'd on other grounds,* 307 Md. 233, 513 A.2d 299 (1986); *Cross,* 282 Md. at 478, 386 A.2d at 764. . . .

If this requirement is met, the trial court proceeds to the final step. The necessity for and probative value of the 'other crimes' evidence is to be carefully weighed against any undue prejudice likely to result from its admission. *Cross,* 282 Md. at 474, 386 A.2d at 761 [citations omitted]. This segment of the analysis implicates the exercise of the trial court's discretion. *Id.*; *Moore,* 73 Md.App. at 44–45, 533 A.2d at 5.

(Brackets in original.)

■ In this case, the trial judge admitted the evidence of the defendant's prior conviction for possession of cocaine with intent to distribute to show "intent or knowledge or a common

scheme or the reason for the Defendant not pleading guilty." In making its decision, the trial court relied in part on, the decision of the Court of Special Appeals in *Harris v. State*, 81 Md.App. 247, 567 A.2d 476 (1989). In *Harris*, the Court of Special Appeals held that evidence of the defendant's two prior convictions for possessing heroin with intent to distribute was not offered to prove the appellant's general propensity toward crime. Instead, the evidence was offered to show whether the appellant had the requisite *mens rea* of an intent to distribute and therefore was admissible. *Id.* at 269–70, 567 A.2d 476.

We later disagreed with the conclusions reached by the Court of Special Appeals and held that Harris' prior convictions were inadmissible. *Harris v. State, supra*, 324 Md. at 501, 597 A.2d 956.

The Court of Special Appeals, in affirming this defendant's conviction, concluded that the prior conviction could not have been properly admitted as evidence of intent, knowledge, or common scheme. The intermediate appellate court affirmed the trial court's ruling on the basis that evidence of the defendant's prior conviction was admissible because counsel "opened the door" to the evidence of a prior conviction by the suggestion made in his opening statement.

In this Court, the State does not press the argument that evidence of the prior conviction was admissible to show intent, knowledge, or common scheme, and we agree with the intermediate appellate court that under the facts of this case the evidence was not admissible on those grounds. We do not agree that the evidence was admissible because the defendant "opened the door" or by reason of the doctrine of curative admissibility.

We recently discussed the doctrine of curative admissibility, and the related principle pertaining to the admission of otherwise inadmissible evidence when a ruling or action has "opened the door" to the consideration of the proffered evidence by making it relevant. *Clark v. State*, 332 Md. 77, 629 A.2d 1239 (1993). We said:

The "opening the door" doctrine is really a rule of expanded relevancy and authorizes admitting evidence which otherwise would have been irrelevant in order to respond to (1) admissible evidence which generates an issue, or (2) inadmissible evidence admitted by the court over objection. Generally, "opening the door" is simply a contention that competent evidence which was previously irrelevant is now relevant through the opponent's admission of other evidence on the same issue.

*Id.* at 85, 629 A.2d 1239 (footnote omitted). We explained that the doctrine of curative admissibility "in rare instances allows otherwise irrelevant and incompetent evidence to repair the damage caused by the previously admitted incompetent inadmissible evidence." *Id.* at 88, 629 A.2d 1239.

In the case before us, we do not have a situation involving evidence being offered to counter or explain earlier evidence; the suggestion made by defense counsel in his opening statement was not evidence. Nevertheless, the general principles involved in allowing a party to "meet fire with fire" are applicable.

■ Defense counsel's reference to the fact that three other persons allegedly involved in the criminal conduct with which the defendant was charged had pleaded guilty was inappropriate. An opening statement should refer to facts that will be admissible in evidence. The fact that one or more other persons have confessed to the same crime with which a defendant is charged may be admissible when such fact would tend to exculpate the defendant, *Chambers v. Mississippi,* 410 U.S. 284, 297–98, 93 S.Ct. 1038, 1047, 35 L.Ed.2d 297 (1973), or where it has a bearing on the level of culpability of the defendant and is therefore material as a sentencing consideration. *Green v. Georgia,* 442 U.S. 95, 97, 99 S.Ct. 2150, 2151–52, 60 L.Ed.2d 738 (1979); *Brady v. Maryland,* 373 U.S. 83, 87, 83 S.Ct. 1194, 1196–97, 10 L.Ed.2d 215 (1963). A plea of guilty is a judicial confession, but we perceive no relevance and thus no ground of admissibility when the guilt of others is

neither inconsistent with the guilt of the defendant nor bears on the defendant's level of culpability.

The error, however, was not egregious, and could have been corrected promptly if the State had interposed an objection and requested that the jury be instructed to disregard defense counsel's statement. The State elected not to object, and as it now appears from a later statement made by the prosecutor, that was a deliberate decision made in the hope and expectation that evidence of the defendant's prior conviction would be admitted if defense counsel's statement were allowed to stand. As we pointed out in *Clark*, evidence admitted under the "opening the door" doctrine is generally offered to meet "(1) admissible evidence which generates an issue, or (2) inadmissible evidence admitted by the court over objection." *Clark v. State, supra,* 332 Md. at 85, 629 A.2d 1239. The statement made by defense counsel did not pertain to admissible evidence, and the State did not object to counsel's reference to inadmissible evidence. Nor, as we have pointed out, was this a case where a seasonable objection would not have been sufficient to remedy the damage already done. *See Robinson v. State,* 53 Md.App. 297, 304–06, 452 A.2d 1291 (1982) (doctrine of curative admissibility available when counsel has no opportunity to cure error by seasonable objection, but not where there has been a conscious choice not to interpose an objection that would have been effective).

Even if we assume that some response to defense counsel's improper statement could have been permitted, it is clear that the evidence offered by the State should not have been received. When explanatory or curative evidence is admissible under either the "open door" or "curative admissibility" doctrine, the remedy must be proportionate to the malady. In a case in which the defendant was charged with offenses involving possession and distribution of cocaine, the impact of evidence that the defendant had been convicted of possession with intent to distribute cocaine one year earlier was fraught with danger of improper prejudicial use by the jury. The use of this type of evidence ostensibly to counter a rather innocuous albeit improper suggestion made by defense counsel in an

opening statement is tantamount to killing an ant with a pile driver. The potential of improper prejudice so far outweighed the relevance of the evidence as to make it inadmissible on that ground alone.

JUDGMENT OF THE COURT OF SPECIAL APPEALS REVERSED. CASE REMANDED TO THAT COURT WITH INSTRUCTIONS TO REVERSE THE JUDGMENT OF THE CIRCUIT COURT FOR BALTIMORE CITY AND REMAND THE CASE TO THAT COURT FOR A NEW TRIAL. COSTS IN THIS COURT AND IN THE COURT OF SPECIAL APPEALS TO BE PAID BY THE MAYOR AND CITY COUNCIL OF BALTIMORE.